Woodbridge v. Hall.

THE INHABITANTS OF THE TOWNSHIP OF WOODBRIDGE, IN THE COUNTY OF MIDDLESEX, v. ALFRED HALL ET AL.

1. Contracts, whether sealed or not, made with public officers acting within the limits of their official authority, are not binding upon them as private individuals, unless an intention to become so bound is plainly indicated by the terms and circumstances of the transaction.

.2. The public bodies which shall become bound by or entitled to contracts made with public agents, are those in whose behalf the agents were acting, or those designated by the legislature for the purpose.

3. The legislature having by special act conferred upon the township committee of the township of Woodbridge certain powers of supervision and control over certain persons authorized to interfere with a designated public road, and the committee having exacted a bond from those persons to secure compliance on their part with their duty— *Held*, that the township committee, and not the municipal corporation, of the township, must bring an action upon the bond.

In debt.

The inhabitants of the township of Woodbridge, in the county of Middlesex, a municipal corporation, brought this suit for breach of a bond of which the following is a copy:

"Know all men by these presents, that we, Alfred Hall, Eber Hall and Edward J. Hall, of the city of Perth Amboy, in the county of Middlesex, and State of New Jersey, but doing business in the township of Woodbridge, in the county and state aforesaid, are held and firmly bound unto the township committee of the township of Woodbridge, and to their successors in office, in the sum of ten thousand dollars, for which payment well and truly to be made, we bind ourselves, our heirs, executors and administrators firmly by these presents.

"Sealed with our seals.    Dated the 16th day of December, A. D. 1869.

"Whereas, the legislature of the State of New Jersey, did

in senate and general assembly convened, pass an act entitled, 'An act to facilitate clay mining in the township of Woodbridge, county of Middlesex, New Jersey,' approved March 30th, 1869, authorizing and empowering clay miners in the township of Woodbridge to dig through and across the road leading from Woodbridge to Bonhamtown, at their will and pleasure, for the purpose of mining clay :

"Now, therefore, the condition of this obligation is such that if the said Alfred, Eber H. and Edward J. Hall shall, before digging through and across the said road, provide a good and sufficient road to accommodate the public travel, to be located and constructed under and according to the directions of the said township committee, and shall keep the same in thorough order and repair, and shall at or before the expiration of ten years from the date of these presents, restore the road so excavated to its original condition as they shall be directed and ordered by the said township committee, at their own costs, charge and expense, and shall at all times comply with the provisions of the said act, and the orders and directions of the said township committee of the township of Woodbridge in the premises, then this obligation to be void, otherwise to remain in full force and virtue.

"In witness whereof the said parties of the first part have hereto set their hands and seals the day and year first above written.

"ALFRED HALL.  [L. s.]
"EBER H. HALL.  [L. s.]
"EDWARD J. HALL. [L. s.]

"Signed, sealed and delivered in presence of witness for A. H. and E. H. Hall,
        "ENOCH WOOD.

"Witness for E. J. Hall,
        "S. C. ADAMS."

[Township of Woodbridge seal.]

The following is a copy of the act referred to in the bond and found in *Pamph. L.* 1869, *p.* 813 :

"An act to facilitate clay mining in the township of Woodbridge, county of Middlesex, New Jersey.

" Whereas, the clay miners and fire brick manufacturers in the township of Woodbridge, own and possess lands in which are imbedded valuable clay in said township, lying on either side of the road leading from Woodbridge to Bonhamtown; and whereas, they are now mining one of the said banks of clay on the easterly side of and near said road ; and whereas, it is necessary that they should cross said road to reach their other clay banks and to effect sufficient drainage for the same; now, therefore,

" 1. Be it enacted by the Senate and General Assembly of the State of New Jersey, That the said clay miners are hereby authorized and empowered to dig through and across said road at their will and pleasure for the purposes above stated ; provided, that before digging through and across said road they shall first provide a good and sufficient road to accommodate the public travel, to be located and constructed under and according to the directions of the township committee of the township of Woodbridge, who shall have power to prescribe the time for which the same shall be so used ; at the expiration of which time the said township committee shall have power to direct and compel the restoration of said road mentioned in the preamble to its original condition as nearly as may be, at the expense of said parties by or for whom the same has been changed.

" 2. And be it enacted, That this act shall take effect immediately.

" Approved March 30th, 1869."

The defendants demurred to the declaration, assigning as one ground of demurrer that the plaintiff had no right to maintain an action on the bond, that the right of action (if any) belonged to the township committee.

The cause was argued at June Term, 1885, before BEAS-LEY, CHIEF JUSTICE, and Justices DIXON, MAGIE and PARKER.

For the plaintiff, *E. S. Savage.*

For the defendants, *Alan H. Strong.*

The opinion of the court was delivered by

DIXON, J.   We think this demurrer is well taken.   The plaintiff is certainly not named in the bond as obligee.   The obligation is expressly incurred to the township committee of the township of Woodbridge and their successors in office, terms which clearly point away from the plaintiff and designate a different body well known in our legislation.  If, therefore, the nominal obligee were a private person, the case would fall under the settled rule that the legal parties to contracts under seal are those who are named as such in the sealed instruments.   *Dayton* v. *Warne,* 14 *Vroom* 659.

But this rule does not extend without qualification to contracts with public officers.   In such cases there arises a presumption, wherever the contract is within the limits of the officer's power and duty, that he is acting in an official capacity, and that the engagement is meant to be with the public only, unless a contrary intention is plainly indicated by the terms and circumstances of the transaction.   2 *Kent's Com.* 632; 1 *Am. Lead. Cas.* (*note to Elwell* v. *Shaw*) *609.

The present bond was evidently not made with individuals in their private capacity, but was designed to be for the public benefit, and it is therefore permissible for the plaintiff to insist, notwithstanding the form of the bond, that it is the body through which that public benefit should be secured. Whether it is or not depends upon the intention of the legislature.   *Borough of Chambersburg* v. *Manko,* 10 *Vroom* 496. The validity of the claim cannot be more readily tested than by recourse to the statute under which the bond purports to have been given.

On looking at this act, it becomes quite evident that the legis-

lature did not design to confer upon the plaintiff any power in the premises. The object of the statute was to delegate a new power, that of dictating to some extent the terms on which and the time for which certain private persons might, for their own ends, interfere with a public road, and of ultimately compelling the restoration of the road to its original condition at the expense of those so interfering with it. This function did not previously belong to the plaintiff, nor is the plaintiff mentioned in the statute in question. That statute expressly and directly confers the whole power upon the township committee. In exerting this power, therefore, the committee does not act on behalf of the plaintiff or for its benefit, but in pursuance of authority derived immediately from the state, and by virtue of that authority may itself employ all the means necessary to the exercise of its functions. The plaintiff, having no concern with the duties devolved on the committee, has no interest in the bond which the committee took in aid of its performance of those duties, and hence cannot maintain this suit.

The action should be brought by the township committee. Whether the statute under which the bond was exacted constitutes the committee a *quasi* corporation, so that it may sue in a corporate name, (*Inhabitants of Fourth School District* v. *Wood*, 13 *Mass.* 193,) or the persons composing the committee must be named as plaintiffs with the addition of their official designation as a body (*Supervisor of Galway* v. *Stimson*, 4 *Hill* 136 ; *Commissioners of Highways* v. *Peck*, 5 *Hill* 215,) is a question not before us.

Let the defendants have judgment on the demurrer.